1  Sheri M. Thome, Esq.
   Nevada Bar No. 008657
2  Chad C. Butterfield, Esq.
   Nevada Bar No. 010532
3  **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
   300 South Fourth Street, 11th Floor
4  Las Vegas, Nevada  89101
   (702) 727-1400; FAX (702) 727-1401
5  sheri.thome@wilsonelser.com
   chad.butterfield@wilsonelser.com
6  *Attorney for Defendants Las Vegas Valley Water*

7

8                    **UNITED STATES DISTRICT COURT**

9                           **DISTRICT OF NEVADA**

10

11 | MELVIN LONG,                                  | CASE NO.:   2:15-cv-00210-JCM-VCF |

                  Plaintiff,

12
     v.                                            **STIPULATION AND ORDER TO CONSOLIDATE CASES FOR DISCOVERY ONLY**
13

14 LAS VEGAS VALLEY WATER
   DISTRICT; and DOES XI through XX and            **(Also filed in Case Nos. 2:15-cv-00948-JAD-VCF and 2:15-cv-00981-RFB-PAL)**
   ROE CORPORATIONS XXI through
15 XXX inclusive;

16                Defendants.

17

18
          Defendant LAS VEGAS VALLEY WATER DISTRICT (the "District") and Plaintiff Melvin
19
   Long (collectively the "Parties"), by and through their respective counsel of record, hereby stipulate
20
   and agree that Case Nos. 2:15-cv-00210-JCM-VCF, 2:15-cv-00948-JAD-VCF, and 2:15-cv-00981-
21
   RFB-PAL, all presently pending in the United States District Court for the District of Nevada,
22
   should be CONSOLIDATED under Case No. 2:15-cv-00210-JCM-VCF for purposes of discovery
23
   only, pursuant to the provisions of FRCP 42 as the foregoing cases involve common questions of
24
   law and fact.
25
   **I.    INTRODUCTION**
26
          Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Parties hereby
27
   respectfully stipulate and request that the Court consolidate the above captioned cases, Nos. 2:15-cv-
28
   00210-JCM-VCF,  2:15-cv-00948-JAD-VCF,  and  2:15-cv-00981-RFB-PAL,  for  purposes  of

839281v.1

discovery only. Consolidating these actions for discovery will give the Court and parties the benefits of consolidation—such as avoiding unnecessary costs and duplicative efforts—while ensuring that a decision on whether to consolidate these cases for trial is based on the state of the cases and the state of the evidence at a time when both are more fully developed. Accordingly, the Parties respectfully request that the Court exercise its discretion and order consolidation of these actions for discovery purposes only.

## II.     BACKGROUND

The Parties stipulate and agree that the three cases at issue involve common issues of fact and law. The cases at issue are styled as *Bullard v. LVVWD*, Case No. 2:15-cv-000948-JAD-VCF (the "Bullard case"); *Acheampong, et al. v. LVVWD*, Case No. 2:15-cv-00981-RFB-PAL (the "Acheampong case"); and *Long v. LVVWD*, Case No. 2:15-cv-00210-JCM-VCF (the "Long case") and arise out of a reduction in force (the "RIF") at the District. The eighteen Plaintiffs in the three cases at issue are former employees of the District who were included in the RIF. Plaintiffs each claim they were wrongfully terminated for discriminatory reasons.

In addition to the wrongful termination and discrimination commonalities, the Bullard and Acheampong cases both involve two additional common issues for discovery. The first issue concerns Firefly Technology. LVVWD contracted with a vendor to supply automatic meter readers, which Plaintiffs contend never worked. Plaintiffs claim that the District did not engage in competitive bidding for the readers, and the readers have since been replaced at substantial cost. Plaintiffs contend that neither the absence of competitive bidding nor the cost of replacement has been disclosed to the public, and that their knowledge of same was the reason that they were selected for the RIF. The second issue concerns the Northern Nevada Ranches. The SNWA purchased seven ranch properties, along with water rights, costing $80 million. From the moment they were purchased, Plaintiffs contend that they were unprofitable, which Plaintiffs claim was hidden from the Board of Directors, ratepayers, and the media. Plaintiffs claim that LVVWD has not truthfully disclosed the financial status and expenses of the ranches to the public, also leading to their inclusion in the RIF.

### III. LEGAL AUTHORITY AND BASIS FOR CONSOLIDATION

Rule 42(a) governs the consolidation of actions, as follows:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.
>
> . . .

FRCP 42(a). The decision to consolidate is left to the sound discretion of the district court. *See In re Adams Apple*, 829 F.2d 1484, 1489 (9th Cir. 1987). In determining whether to consolidate multiple actions, a district court must "weigh[] the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989). Generally, "unless the party opposing [consolidation] can show demonstrable prejudice" consolidation is appropriate. Furthermore, it is not uncommon for courts to consolidate cases for purposes of discovery only. *See Cruz v. Durbin*, 2014 WL 5364068, at *1 (D. Nev. Oct. 20, 2014) (three actions consolidated for pretrial and discovery purposes only); *see also Davis v. Heritage Crystal Clean, LLC*, 2011 WL 1483167, at *2 (E.D. Tenn. Apr. 19, 2011) (ordering consolidation for purposes of discovery only); and *Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 2472700, at *1-2 (E.D. Mich. June 22, 2011) (ordering parties to stipulate to consolidation for discovery only).

**A. Consolidation for Discovery Purposes is Appropriate Because the Actions Involve Common Questions of Fact and Law.**

As set forth above, the three cases at issue involve numerous common questions of fact and law. All of the plaintiffs are former employees of the District who claim they were wrongfully included in the RIF. Additionally, two of the three cases involve the additional common issues pertaining to the Firefly Technology and the Northern Nevada Ranches. Accordingly, the Parties respectfully submit that common questions of fact and law warrant consolidation for discovery purposes only.

1   **B.    Consolidation for Discovery Purposes will Promote Judicial Convenience and**
2   **Economy.**

3   Consolidating these cases for discovery purposes only promotes the interests of judicial
4   economy and efficiency. *See, e.g.*, *Davis*, 2011 WL 1483167, at *2 (noting that consolidating cases
5   for discovery only "would further the interests of judicial administration and economy, as proof in
6   each case may overlap"); *N. Natural Gas Co. v. L.D. Drilling, Inc.*, 759 F. Supp. 2d 1282, 1304 (D.
7   Kan. 2010) (noting that consolidating cases for discovery only would "reduce unnecessary cost and
8   duplication of effort").

9   Here, the Parties recognized during their Rule 26(f) conference that coordinating discovery
10  would save time and resources for all parties involved. Moreover, as the Parties anticipate
11  significant overlap in discovery amongst the three cases, consolidation for purposes of discovery will
12  promote judicial convenience and economy, as any potential discovery disputes may be addressed
13  jointly instead of in three separate cases. The Parties nonetheless intend to comply with the Joint
14  Discovery Plan and Scheduling Orders filed separately in each case as to discovery scope and limits.
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

839281v.1

## IV. CONCLUSION

For the foregoing reasons, the Parties hereby stipulate to and request that the Court consolidate Case Nos. 2:15-cv-00948-JAD-VCF, 2:15-cv-00981-RFB-PAL and 2:15-cv-00210-JCM-VCF for discovery purposes only.

DATED this  27  day of August, 2015

DATED this  27  day of August, 2015

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

**CALLISTER & ASSOCIATES**

BY: /s/ Chad C. Butterfield
SHERI M. THOME, Esq.
Nevada Bar No. 008657
CHAD C. BUTTERFIELD, Esq.
Nevada Bar No. 010532
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
*Attorneys for Defendant*

BY: /s/ Suneel J. Nelson
MATTHEW Q. CALLISTER, ESQ.
Nevada Bar No. 1396
SUNEEL J. NELSON, ESQ.
Nevada Bar No. 12052
823 Las Vegas Blvd. South, 3rd Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

## ORDER

**GOOD CAUSE SHOWN, IT IS SO ORDERED**

DATED this 4th day of September, 2015.

_____
UNITED STATES DISTRICT COURT JUDGE

839281v.1