# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN ACHEAMPONG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAS VEGAS VALLEY WATER DISTRICT, *et al.*, <br><br> Defendants. | Case No. 2:15-cv-00981-RFB-PAL <br><br> SUPPLEMENTAL ORDER |

Before the Court is Plaintiffs' Motion for Clarification of the Order Dated March 30, 2018. ECF No. 106. The Court grants Plaintiffs' motion and provides this Supplemental Order clarifying its March 30, 2018 Order (ECF No. 102). The Court incorporates the Order in its entirety by reference, including all relevant facts and legal standards.

The Court acknowledges that Plaintiffs Stephen Acheampong, Paul Jahn, and Nikolas Taranik were inadvertently excluded from its earlier Order. For the reasons discussed below, the Court now grants in part and denies in part the Motion for Summary Judgment (ECF No. 47) as to these three Plaintiffs. The Court notes at the onset that by only choosing to defend their ADEA and Promissory Estoppel claims, Plaintiffs abandon their other claims.

The Court also re-addresses the claims of Plaintiffs Cynthia Pridgen and Richard Wilson. In reviewing its Order to address Plaintiffs' instant Motion for Clarification, the Court realized it erred in its assessment of these claims. Based upon its inherent procedural power to modify an interlocutory order for cause, City of L.A. v. Santa Monica BayKeeper, 254 F.3d 882, 885 (9th Cir. 2001), the Court now grants the Motions for Summary Judgment against Plaintiffs Pridgen (ECF No. 49) and Wilson (ECF No. 53).

# I. Factual Findings – Acheampong, Jahn, Taranik

The Court incorporates by reference its previous findings, except where otherwise noted. The Court also makes the following findings of fact for each plaintiff.

## A. Plaintiff Acheampong

### 1. *Undisputed Facts*

Plaintiff Acheampong was hired in 2001 and employed by the Water District at the time he was terminated. Acheampong holds a Bachelor of Science in Geological Engineering from Ghana, West Africa, a master's degree in Geoscience with Hydrology Concentration from the University of Nevada Las Vegas, and a Ph.D. in Hydrology/Hydrogeology from the University of Nevada, Reno. Acheampong was over the age of 40 when he was included in the RIF and had received only Exceeds Full Performance or Full Performance marks on his yearly employee evaluations. Acheampong received the Handbook when he was hired.

Acheampong was responsible for gathering hydrology data from the field, interpreting and analyzing the data, and writing up reports. By 2014, Acheampong oversaw aqueous geochemistry and water quality for the Water Resources Division. Acheampong designed water quality sampling programs, coordinated with laboratories for analytical services, and analyzed the data generated and wrote reports and gave recommendations to management.

It is undisputed that Andrew Burns was Acheampong's supervisor, that Burns was involved in deciding which employees would be included in the RIF, and that Burns at least joked about the age of his work group occasionally.

### 2. *Disputed Facts*

It is disputed whether the Water District continues to perform all of Acheampong's former job functions since his termination or whether the project upon which Acheampong primarily worked was indefinitely deferred. It is disputed whether Acheampong was included in the RIF because he did not have expertise in the field methods needed to support the department's focus for the future or because of his age.

The District neither refutes nor concedes that Burns made several comments about Acheampong's age, including the following specific comments: (1) telling Acheampong he had to

use the bathroom frequently after his prostate surgery because he was old; (2) telling a group of employees including Acheampong that they belonged in a geriatric ward; and (3) writing the following handwritten comment on a memo by Acheampong: "Steve – I know you're old and I apologize for writing my comments so small, but I had so many."

### B. Plaintiff Jahn

#### 1. Undisputed Facts

Plaintiff Jahn was hired in 2005 and employed by the Water District at the time he was terminated. He was supervised by Burns. Jahn holds a bachelor's degree in Environmental Studies and a master's degree in Physical Geography. Jahn was over the age of 40 when he was included in the RIF and had received only Exceeds Full Performance or Full Performance marks on his yearly employee evaluations. Jahn received the Handbook.

Jahn was responsible for keeping track of samples and maintaining a water-quality database. Jahn also submitted the annual quality report to the State of Nevada.

It is undisputed that Burns was Jahn's supervisor, that Burns was involved in deciding which employees would be included in the RIF, and that Burns joked about the age of his work group.

#### 2. Disputed Facts

It is disputed whether the need for Jahn's work supporting field data collection was significantly reduced and whether the need for Jahn's data entry was eliminated by automated upload processes. It is disputed whether Jahn was included in the RIF because the need for his work was largely eliminated or because of his age.

In addition to the previous alleged comments attributed to Burns, the District neither refutes nor concedes that Burns made comments about Jahn's age, such as commenting that Jahn and other employees were old and "over the hill."

### C. Plaintiff Taranik

#### 1. Undisputed Facts

Plaintiff Taranik was hired in 2008 and employed by the Water District at the time he was terminated. He was supervised by Burns. Taranik holds a Bachelor of Science in Geology and a

Master of Science in Geosciences with concentrations in hydrology and hydrogeology. Taranik was over the age of 40 when he was included in the RIF and had received only Exceeds Full Performance or Full Performance marks on his yearly employee evaluations. He received a copy of the Handbook when he was hired.

Taranik was part of the Resource development group and was the QA/QC lead for the Data monitoring group, performing hydrologic duties of water monitoring and exploration of water resources. He oversaw the quality assurance and quality control to make sure the monitoring data was correct and reported to the State of Nevada Water Resources Division in Carson City.

It is undisputed that Burns was Taranik's supervisor, that Burns was involved in deciding which employees would be included in the RIF, and that Burns joked about the age of his work group.

### *2. Disputed Facts*

It is disputed whether Taranik's section within the Water Resources Division was disbanded and his projects deferred and completed. It is disputed whether Taranik was included in the RIF because no further work was anticipated for him or because of his age.

Again, in addition to the previous alleged comments of Burns, the District neither refutes nor concedes that Burns made comments about Taranik's age and that he told a group of employees including Taranik that they were the geriatric crew.

**II.     ADEA Disparate Treatment Claims – Acheampong, Jahn, Taranik**

As to the prima facie case, the District does not dispute Plaintiffs' status within their alleged protected classes, satisfactory job performance, or discharge as part of the RIF. The District argues only that Plaintiffs have failed to show circumstantial, statistical, or direct evidence that their discharges occurred under circumstances giving rise to an inference of age discrimination.

Plaintiffs "need produce very little evidence of discriminatory motive to raise a genuine issue of material fact." Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998). Here, Plaintiffs provide declarations stating that Burns, who supervised Plaintiffs and was involved in the decision to include them in the RIF, made several comments about Plaintiffs' age. ECF No.

60, Ex. A, pgs. 2-3; Ex. B, pg. 2; Ex. C, pg. 2. Though Plaintiffs identify certain specific derogatory comments, they also allege that Burns was generally known to make frequent inappropriate comments about his employees' age. ECF No. 60, Ex. C, pg. 2.

The District argues that even if Burns made the alleged comments, they are alone insufficient establish the fourth element of a prima facie age discrimination case because they are stray comments made in jest. However, Burns' alleged comments were age-related, negative, directed at his employees in the workplace and during the performance of work, and made repeatedly. The totality of the undisputed and disputed facts, including the alleged repeated negative age-related comments, raise a genuine issue of material fact as to the basis for the terminations of Acheampong, Jahn and Taranik. See E.E.O.C. v. Boeing Co., 577 F.3d 1044, 1050 (9th Cir. 2009) (reversing summary judgment where supervisor "frequently made demeaning and derogatory comments about women").

### III. Promissory Estoppel Claims – Acheampong, Jahn, Taranik

Plaintiffs argue that they relied on promises Defendant made in its Employee Handbook to follow certain procedures in the event of a layoff, including laying employees off in order of seniority. As the Court discussed with regard to Plaintiff Pridgen, the handbook states that employment is "subject to termination at any time for whatever reason." The handbook states that it will "generally" lay employees off in order of seniority but creates an exception when "business needs dictate otherwise." Plaintiffs have not raised a genuine issue of disputed fact as to how their termination did not satisfy the business needs of the District to reduce its workforce.

### IV. ADEA Disparate Treatment Claims – Pridgen, Wilson

In finding that Pridgen and Wilson had each established a prima facie case of age discrimination, the Court erroneously determined that Plaintiffs needed only to allege that the type of work for which they were responsible continued after their termination. The Court referenced Merrick v. Hilton Worldwide, Inc. for the principle that an inference of age discrimination "may be established by demonstrating that an employer had a continuing need for [the plaintiff's] skills

and services in that [his] various duties were still being performed." 867 F.3d 1139, 1146 (9th Cir. 2017) (citation and internal quotation marks omitted) (alterations in original). However, upon further review, the Court recognizes that in <u>Merrick</u> and other Ninth Circuit cases, the plaintiff still must show either (a) evidence that a younger employee took over at least some of the plaintiff's duties or (b) statistical evidence, even if weak, giving rise to an inference of age discrimination. <u>See id.</u> (prima facie case satisfied where the defendant hired a new employee, fifteen years younger than the plaintiff, who took over some of the plaintiff's duties); <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1281 (9th Cir. 2000) (prima facie case satisfied where statistical evidence, though problematic, arguably showed that older workers were terminated at twice the rate of younger workers).

Here, Pridgen and Wilson offer neither evidence of younger employees taking over their job responsibilities nor statistical evidence that the District targeted older employees. They offer nothing beyond their own assertion that their job functions continued to be performed at the District after their termination. Even if credited as true, no precedent stands for the principle that the mere continuance of a terminated employee's job functions can constitute circumstantial, statistical, or direct evidence that the employee's discharge occurred under circumstances giving rise to an inference of age discrimination. The fact that an employer continues to produce work formerly performed by the terminate employee does not speak to the question of why an employee was terminated and whether the termination was based in any part on age discrimination.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Clarification of Order (ECF No. 106) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment Against Plaintiffs Stephen Acheampong, David Donovan, Nikolas Taranik and Paul Jahn (ECF No. 47) is **DENIED** as to Plaintiffs Acheampong, Jahn, and Taranik's ADEA disparate treatment claims.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment Against Plaintiffs Stephen Acheampong, David Donovan, Nikolas Taranik and Paul Jahn (ECF No. 47) is

**GRANTED** as to all other claims by Plaintiffs Acheampong, Jahn, and Taranik.

**IT IS FURTHER ORDERED** that the Court's March 30, 2018 Order (ECF No. 102) is modified in part, such that Defendant's Motion for Summary Judgment Against Plaintiff Cynthia Pridgen (ECF No. 49) and Defendant's Motion for Summary Judgment Against Plaintiff Richard Wilson (ECF No. 53) are now **GRANTED**. The Clerk of Court shall enter judgment accordingly against these plaintiffs.

DATED: November 1, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**